IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18-CR-00427 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES BRYANT, | ) | DEFENDANT'S SENTENCING MEMORANDUM |
| Defendant. | ) | |
| | ) | |

Now comes Defendant James Bryant, by and through undersigned counsel, and herein submits the within Sentencing Memorandum for this Honorable Court's review and consideration prior to his Sentencing Hearing in the instant case.

Respectfully submitted,

 */s/ Gretchen A. Holderman*                .
GRETCHEN A. HOLDERMAN (390058508)
Lillie & Holderman
75 Public Square, Suite #1313
Cleveland, Ohio 44113-2011
216-861-1313/216-861-1314 (Fax)
gholderman@lillieholderman.com

1

DEFENDANT'S SENTENCING MEMORANDUM

I.     OVERVIEW

On August 1, 2018, a 5-count Indictment was filed against Defendant James Bryant.

On November 29, 2018, pursuant to a written plea agreement with the United States Government, James Bryant plead guilty to the Indictment which charged him with: Felon in Possession of a Firearm in violation of 18 U.S.C. Sections 922(g)(1) and 924(a)(2); Possession of an Unregistered Firearm in violation of 26 U.S.C. Sections 5861(d) and 5871; and Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C).

Pursuant to the terms of the Parties' written Plea Agreement, Mr. Bryant's Offense Level is 28 before Acceptance of Responsibility. If Mr. Bryant is given full credit for his acceptance of responsibility, he should receive a three level decrease pursuant to USSG Section 3E1.1, giving him a Total Offense Level of 25.

The Federal Probation Department has calculated Mr. Bryant's Criminal History Score as two, and his Criminal History Category of II.

II.    DEFENDANT'S BACKGROUND

Defendant James Bryant was born and raised along with his two brothers in Cleveland, Ohio.  He was fortunate to have an intact family and suffered no abuses growing up.  James Bryant had positive relationships with both his parents and his two brothers.  He still maintains close relationships with his brother Robert's ex-wife, who, as this Court is aware, assisted in transporting James to and from the Northeast Ohio Correctional Center when he was given furlough to attend Robert's funeral.

Mr. Bryant has one daughter and two grandchildren.  He also has a girlfriend and other long-term friends with whom he has remained close for years.

As this Honorable Court is well-aware, Mr. Bryant suffers from numerous medical conditions, including but not limited to: Cluster Headaches, Asthma, cataracts, and persistent back and abdominal pain.  Mr. Bryant's medical problems are further detained in the Presentence Report; some of Mr. Bryant's medical records were previously shared with this Honorable Court.

III.     SENTENCING FACTORS

In considering the sentencing factors noted in 18 U.S.C.A. § 3553(a), Defendant James Bryant herein respectfully asks this Honorable Court to sentence him at the lowest end of the applicable sentencing guidelines.  Such a sentence would be *reasonable,* sufficient, and appropriate under the circumstances of the instant case, as required under Title 18 United States Code, Section 3553, which provides as follows:

Title 18 United States Code, Section 3553 provides the following:

**18 USC § 3553 Imposition of a sentence**

> (a)     Factors to Be Considered in Imposing a Sentence. – The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider
>
>> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>>
>> (2) the need for the sentence imposed;
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

3

      (B) to afford adequate deterrence to criminal conduct;
      (C) to protect the public from further crimes of the defendant; and
      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

  (3) the kinds of sentences available;

  (4) the kinds of sentence and the sentencing ranges established

* * *

  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

* * *

In <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), the United States Supreme Court determined that the original provisions of Title 18 United States Code §3553(b)(1), which made the statutory sentencing guidelines *mandatory*, were unconstitutional.  Accordingly, the Booker Court excised the provisions making the federal sentencing guidelines mandatory and also the section setting forth the appellate standard of review under 18 U.S.C. §3742, holding that sentences should be reviewed under the standard of *reasonableness*, which reasonableness is to be determined with reference to the standards set forth at 18 U.S.C. §3553(a). <u>Id.</u>, at 757, 765-66.

Post <u>Booker</u>, this Honorable Court is effectively charged with the duty to "impose a sentence which is sufficient, but not greater than necessary, to … (a) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

4

(b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *See*, 18 U.S.C. §3553(a)(2).

Defendant James Bryant respectfully argues that sentencing him pursuant to the terms of his plea agreement, at the lowest end of the applicable guidelines would result in a reasonable sentence that is *sufficient but not greater than necessary* to accomplish the goals of federal sentencing under Title 18 United States Code Section 3553.

IV.     DEFENDANT'S POSITIVE PERSONAL CHARACTERISTICS

In the instant case Defendant James Bryant has readily and fully accepted responsibility for his criminal misconduct.  He understands and has acknowledged the seriousness of his crimes, is ashamed of having to stand before this Honorable Court having previously tried to commit himself to avoid any further criminal conduct.  Mr. Bryant is now committed to moving forward with his life after completing his sentence.

In fashioning an appropriate sentence in the instant case, Defendant James Bryant asks this Honorable Court to take into account not only his criminal actions, but also to consider the other more positive aspects of his life, and the respect he has shown during this Court's allowing him furlough and bond.  Mr. Bryant has sincere regret and remorse for his misconduct in this case.

V.      CONCLUSION

In addition to the foregoing, Defendant James Bryant herein further requests this Honorable Court to recommend his admission into any BOP programs he is eligible for and also requests a sentence at the lowest end of the applicable sentencing guidelines.

          Respectfully submitted,

          */s/ Gretchen A. Holderman*                    .
          GRETCHEN A. HOLDERMAN (390058508)
          Lillie & Holderman
          2003 St. Clair Avenue
          Cleveland, Ohio 44114
          216-861-1313/216-861-1314 (Fax)
          gholderman@lillieholderman.com


### CERTIFICATE OF SERVICE

This is to certify that the foregoing was filed electronically on the 28th day of February 2019, in accordance with the Court's Electronic Filing Guidelines.  Notice of this filing will be sent to all parties by operation of the Court's Electronic Filing System.  Parties may access this filing through the Court's Filing System.


          */s/Gretchen A. Holderman*                    .
          GRETCHEN A. HOLDERMAN (390058508)